UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION



| | |
|---|---|
| JUDY JOEANN FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-cv-71-WGH-RLY |
| ) | |
| TOYOTA MOTOR MANUFACTURING, ) | |
| INDIANA, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion for Summary Judgment filed by Defendant, Toyota Motor Manufacturing, Indiana, Inc., on May 1, 2008. (Docket Nos. 26-27).[1]  Plaintiff, Judy Joeann Fox, filed a Response in opposition to the motion on May 30, 2008. (Docket Nos. 29-30). Defendant filed a Reply on June 11, 2008. (Docket No. 31). Defendant then filed a Notice of Providing Omitted Exhibits on June 17, 2008. (Docket No. 32). Plaintiff's Surreply Brief in Response to Defendant's Designation of Omitted Evidence was filed June 18, 2008. (Docket Nos. 33-34). The parties conducted oral argument on June 30, 2008.

---

[1]The parties consented to Magistrate Judge jurisdiction in Section VII of their Case Management Plan filed July 30, 2007. (Docket No. 9). District Judge Richard L. Young entered an Order of Reference on July 31, 2007. (Docket No. 10).

## Introduction

Plaintiff, Judy Joeann Fox (hereafter "Fox"), sustained an injury to her left arm while employed with the Defendant, Toyota Motor Manufacturing, Indiana, Inc. (hereafter "TMMI"). Dr. Goris, an orthopaedic surgeon retained by TMMI, assigned permanent restrictions in May 2005 prohibiting Fox from working overhead with her left arm and allowing her only occasionally overhead reaching with the left arm. These restrictions made it impossible for Fox to continue installing window runs and wire harnesses on the assembly line for TMMI. Between May 2005 and May 2007, Fox was placed on TMMI's medical leave program. Under that program, TMMI's Job Placement Committee (hereafter "JPC") met weekly to review whether there were alternative production and underlying production positions for Fox to return to the line. No such positions were offered to Fox.

Under TMMI's employment policies, employees on medical leave could apply for open *administrative* positions that became available. However, to obtain such a position, the employee must apply for the specific job opening as it became available. Although it may be disputed as to whether Fox understood she needed to apply for such a position, the undisputed facts are that she did not apply for any such administrative position and was given no administrative position in the two years that followed her placement on medical leave.

As a result of the implementation of TMMI's policy, when Fox was not placed in another position after two years, her employment with TMMI was terminated.

Fox brings this action alleging that TMMI has violated the Americans with Disabilities Act (hereafter "ADA") in their treatment of her.

**Issues**

**Issue 1:    Does Fox have a disability entitled to the protections of the Americans with Disabilities Act?**

The ADA prohibits employers from discriminating against qualified individuals who have a disability. 42 U.S.C. § 12112; 29 C.F.R. § 1630.1. To be protected by the ADA, an individual must have a disability. An individual with a disability is one who:

(a) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(b) has a record of such impairment; or

(c) is regarded as having such an impairment.

42 U.S.C. § 12102; 29 C.F.R. § 1630.2(g). According to the regulations implementing the ADA, the term "major life activity" includes such activities as walking, speaking, breathing, performing manual tasks, seeing, hearing, learning, caring for one's self, and working. *See* 29 C.F.R. § 1630.2(i). For an impairment to substantially limit one or more of these major life activities, the individual must be unable to perform, or be significantly limited in the ability to perform, an activity compared to the average person in the general population. 29 C.F.R. § 1630.2(j).

Only three activities are called into question by Fox's deposition and Affidavit.[2] These are the activities of performing manual tasks, caring for one's self, and working.

The Magistrate Judge concludes that Fox has not established that she is substantially limited in any major life activity. Her deposition testimony (pp. 175-76) does not indicate that she is limited in any "substantial" way in caring for herself or "performing manual tasks." The Affidavit that she thereafter submitted is rather conclusory, and the information from the Affidavit of David Fox indicates that while she has difficulty putting on or removing shirts, especially pullovers, there is no other indication of any difficulty with her self care. The Magistrate Judge concludes that some restriction in an ability to easily put on some types of clothing is not sufficient to establish that a person is substantially limited in the major life activity of "caring for one's self."

Fox and her husband's depositions do establish that she is somewhat limited in the manual task of "tending a garden" and must limit her outdoor cleaning to "small sections at a time." (David Fox Affidavit, ¶ 9). While these are restrictions, the Magistrate Judge concludes that an inability to do the hard physical work of gardening or outdoor cleaning are not "substantial" limitations on performing manual tasks as defined by the ADA. In doing so, the Magistrate

---

[2] Fox's Affidavit does conflict with her prior deposition testimony. Case law provides that a plaintiff may not use an affidavit which conflicts with deposition testimony to create genuine issues of fact. *Cowan v. Prudential Ins. Co. of America*, 141 F.3d 751, 756 (7th Cir. 1998). Therefore, where there is a conflict, the Magistrate Judge has used the deposition testimony.

Judge relies on the holding in *Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002),[3] where the United States Supreme Court held that "manual tasks" must be "central to daily life" (534 U.S. at 197), and that a person with an inability to do "housework," "garden," "play with children," or "lift" did not have a condition that substantially impaired the major life activity of "performing manual tasks."

To be substantially limited in the major life activity of working, Fox must demonstrate that she is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes. *Williams,* 534 U.S. 184, citing 29 C.F.R. § 1630.2(j)(3).

With respect to the major life activity of working, both the *Williams* case and *E.E.O.C. v. Rockwell Intern. Corp.,* 243 F.3d 1012 (7th Cir. 2007), hold that an inability to perform some specialized assembly line jobs is not sufficient to establish that a person is substantially limited in performing manual tasks or working. In this case, Fox's own Affidavit establishes that she believes she can perform many other job descriptions with TMMI. The undisputed facts show that Fox cannot return to her prior position with TMMI. However, because Fox's own Affidavit suggests that she believes there are a large number of other jobs that she might be able to perform (had they came open at an appropriate time), and

---

[3] Interestingly, Toyota, the Petitioner in that case, hired someone named John G. Roberts, Jr., of Washington, D.C., to argue that case before the Supreme Court. The Magistrate Judge hopes than an appeal of this decision will lead Mr. VanStone or Mr. Siegenthaler to argue this case before the Supreme Court, and to reach a similar legal station later in their respective careers.

because the JPC also sought other production openings for Fox while she was on medical leave, the evidence shows that there were other jobs at the plant where Fox might be capable of working.

The Magistrate Judge concludes that Fox is a person similar to the plaintiffs in *Williams* and *Rockwell,* and that her permanent or indefinite restrictions relating to a left shoulder strain disqualify her from a relatively narrow range of assembly line jobs requiring overhead lifting and reaching. She does not have an inability to perform a board range of jobs. Therefore, the Magistrate Judge concludes that Fox does not have an actual disability under the ADA.

**Issue 2:    Does Fox have a record of a disability?**

The ADA also protects those who have a record of a disability. 49 U.S.C. § 12102; 29 C.F.R. § 1630.2(g). In this case, the only evidence before the Court upon the issue of whether Fox has a "record of" a disability surrounds her left shoulder injury. As previously discussed, Fox is not under an actual disability as defined by the ADA. There is no evidence of any other condition from which Fox suffers that could be construed as a record of additional disability. The Magistrate Judge concludes that there is no evidence in this case that Fox has a record of being disabled. Rather, Fox has a record of a type of injury that precludes her from performing a relatively narrow range of jobs.

**Issue 3:    Did TMMI regard Fox as disabled?**

The ADA also protects those who are regarded as disabled. The "regarded as" provisions of the ADA are designed to protect against erroneous stereotypes

held regarding certain physical or mental impairments that are not substantially limiting in fact. In this case, TMMI did place Fox on medical leave of absence because of her permanent or indefinite restrictions. However, the evidence that TMMI placed Fox on medical leave of absence simply shows in this case that they believe that she was unable to return to her prior work. There is no dispute of fact that the JPC continued *to look for* other positions at the facility that Fox could perform during the entire two years of Fox's medical leave of absence. Although there is clearly a disagreement between TMMI and Fox as to whether there were certain jobs that she could perform with her indefinite restrictions, there is no evidence that TMMI regarded Fox as unable to return to a broad class of jobs available during the time of her medical leave. Fox herself, as stated in her Affidavit, believes that she can perform a number of jobs at the plant. TMMI's actions in having the JPC continuously review her availability for jobs indicates that TMMI did not regard her as being disabled. There is no evidence that TMMI regarded Fox as disabled because of the existence of any other condition, in combination with her left arm injury. The Magistrate Judge therefore concludes that there is no evidence that TMMI regarded Fox as disabled.

**Issue 4:     Has Fox shown that she is a "qualified" individual under the ADA?**

To be entitled to relief under the ADA, a person must show that he/she is a "qualified" individual with a disability. In order to be a qualified individual, a person must be able to perform the essential functions of a job with or without reasonable accommodation. 42 U.S.C. §12111(8); 29 C.F.R. § 1630.2(n).

In this case, Fox has admitted she could not return to her former position because of her permanent and indefinite restrictions. (Fox Dep. at 123-24).

In paragraph 14 of her Affidavit, Fox makes the conclusory statement that she is able to perform several of the jobs in categories A-L of that paragraph. A review of the written job descriptions all show that those positions require certain shoulder lift weight requirements, overhead lift weight requirements, and a certain amount of "overhead reaching" or "forwarding reaching." The job descriptions frequently require the use of overhead tools. The deposition of Krystal Kennedy confirms that these positions require activities that conflict with Fox's restrictions. (Kennedy Dep. at 40-57).

Fox has not brought forward any evidence except her own conclusory Affidavit that she believes she could perform these jobs. She has not stated that the jobs she believes she could perform were, in fact, performed in some other or different manner than as described in the written job descriptions tendered by TMMI in this case. There are no other affidavits from any other employees which indicate that any particular job is not actually performed in the manner described in the written job study. Neither does Fox herself or any other witness establish that there was a particular job at the facility that did not violate Fox's restrictions which was actually vacant and filled during the time Fox was on medical leave. As such, the Magistrate Judge concludes that Fox's conclusory Affidavit is insufficient to create genuine issues of fact about whether she was able to perform the essential functions of the jobs she lists in her Affidavit at paragraph 14, with

or without reasonable accommodation.  In this case, because there is no genuine issue of fact brought forward by Fox that she is able to perform any of the jobs in paragraph 14 of her Affidavit, with or without reasonable accommodation, the Magistrate Judge concludes that Fox is not a qualified individual under the ADA.

**Issue 5:    If Fox could be determined to be a qualified individual with a disability, did TMMI reasonably accommodate her?**

Although this Court has concluded that Fox is not a qualified individual with a disability and is, therefore, not entitled to protections under the ADA, in the event the Court of Appeals should determine that the analysis is incorrect, the issue arises as to whether TMMI's actions amounted to reasonable accommodation.[4]  In this case, there is no dispute that immediately after Fox was injured, she was provided with some modified or light duty assignments, was given 24 months of medical leave of absence, and was referred to TMMI's JPC. The Magistrate Judge believes that those actions amount to reasonable accommodation.  There is no evidence that the JPC is a sham or does not, in good faith, attempt to effectuate its purpose of returning employees to production jobs so long as their restrictions meet with the job function requirements.  Even if the JPC functioned imperfectly in this case, and that sometime during the two-year time period while Fox was on medical leave of absence, some job in the plant may

---

[4]It is also not completely clear that Fox requested, in any specific manner, a reasonable accommodation for her alleged disability after she received her doctor's order establishing her restrictions.  This opinion assumes that she did, based on her statements at page 172 of her deposition.

have opened for which she was qualified, the failure of the JPC to act perfectly in one instance would not convince the Court that it was not a reasonable scheme to accommodate those with some injury. The ADA requires reasonable accommodation, not perfect accommodation. In this case, Fox has brought forward no evidence to show that there was a particular job opening at a particular period of time in which the JPC should have placed her. She has not demonstrated the existence of any job description which her restrictions clearly allowed her to perform. The Magistrate Judge, therefore, concludes that there is no evidence that TMMI failed to reasonably accommodate Fox, if it should be determined that she is, in fact, a qualified individual with a disability.

**Issue 6:    Is Fox's claim for termination barred by her failure to file a Charge of Discrimination?**

TMMI has argued in this case that the scope of this lawsuit must be limited by Fox's EEOC Charge. The Charge filed by Fox on January 24, 2007, was filed some four months before her termination on May 22, 2007. No amended charge was filed. Therefore, TMMI argues that Fox's claim for termination of her employment is barred for failure to properly exhaust her administrative remedies.

Fox has not addressed this issue in her responsive brief, and it is likely that this issue is not disputed by Fox. The Magistrate Judge declines to specifically address this issue in light of his conclusion that Fox is not a qualified individual with a disability and is not entitled to relief in this case.

## Conclusion

Although Fox does have an injury to her shoulder, the restrictions that injury imposes on her do not render her an individual with a "disability," as defined under the ADA. There is no evidence that she had a record of a disability. While TMMI regarded her as having restrictions on the ability to perform some jobs at the plant, it did not "regard" her as being disabled. Even should the Court of Appeals later determine that she has a "disability," Fox has not shown that she is a "qualified" individual who could with reasonable accommodation perform the essential functions of a job at the plant. Finally, Fox has not established that she sought accommodation, or that the actions taken to try to find employment for her were not reasonable.

TMMI's Motion for Summary Judgment is, therefore, **GRANTED.** This case is **DISMISSED,** with each party to bear its own costs.

**SO ORDERED.**

**Dated:** July 10, 2008

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Jack N. VanStone
VANSTONE & KORNBLUM
vanstone@evansville.net

Katherine A. Hessenbruch
GREENBAUM DOLL & McDONALD
kah@gdm.com

Craig Peter Siegenthaler
GREENBAUM DOLL & MCDONALD PLLC
cps@gdm.com

Jerry D. Stilwell
BAMBERGER FOREMAN OSWALD
  & HAHN
jstilwell@bamberger.com